```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

                                  :
COPTERLINE OY                     :
                                  :
                                  :
v.                                :   CIV. NO. 3:07CV1450 (WWE)
                                  :
SIKORSKY AIRCRAFT CORP.           :
and HELICOPTER SUPPORT, INC.      :
                                  :
                                  :
                                  :
```

<u>     RULING ON PLAINTIFF'S MOTION FOR LIMITATION OF DISCOVERY</u>

Copterline Oy ("Copterline") moves for an order limiting discovery sought by Defendants Sikorsky Aircraft Corporation ("Sikorsky") and Helicopter Support, Inc. ("HSI") in defendants' Second Set of Interrogatories and Document Requests.
The requests seek documents and information regarding a series of 2007 share purchase transactions between certain shareholders of Copterline and third parties. [Doc. #116-2 at 1].

As a preliminary matter, Copterline states that it will answer Interrogatories Nos. 4, 5, 6, 7, 8 and 12 and will produce

1

the documents requested in Nos. 2 and 9. [1]

1. <u>Relevance</u>

Copterline first argues that information relating to the

---

[1]Copterline states that it has

> provided, or agreed to provide, limited categories of documents and information, including: the identity of members of Copterline's Board of Directors as of specified dates (Interrogatory 4); the identity of officers or other management level employees employed by Copterline prior to the 2007 transactions who are no longer employed (Interrogatory 5); the name and job duties of Copterline's Chief Executive Officer (Interrogatories 6, 8); Kari Ljungberg's current job title, responsibilities, and any change in these since the 2007 transactions (Interrogatory 7); information about new helicopters acquired by Copterline to restart the route business (Interrogatory 12); Copterline's organizational charts (Document Request 2); and documents reflecting start-up costs, official approvals, audits, consulting information, etc., relating to Copterline's new helicopters (Document Request 9).

[Doc. #116-2 n.1]. It is not clear from plaintiff's footnote whether it will answer Interrogatory No. 5 in full. Interrogatory No. 5 also states, "For each such former employee, please state the date on which their employment terminated and the reason for the termination of employment." If plaintiff is objecting to providing this information it should state so clearly and raise the objection at the next Case Management Conference.

2007 transactions is not relevant to Copterline's lost profits, asserting (1) it did not participate in the 2007 transactions; (2) the shareholders are not parties to this litigation; and (3) Copterline's damages are not based on a valuation based approach.[2]

Copterline argues that "[t]he information that bears on lost profits are the extensive financial records, business plans, budgets and projections that Copterline prepared in the course of

---

[2] Plaintiff argues that

> If the damages sought by Copterline were based on diminished market capitalization, or some other diminution of the company's value or share prices, the information sought by the defendants might, arguable be germane. However, Copterline's damages are not based on such a valuation based approach. The damages claimed by Copterline are for lost profits and extraordinary expenses incurred as a result of the crash . . . .
>
> Copterline's lost profits damages are calculated by analyzing Copterline's financial records prior to the August 10, 2005 crash, then projecting Copterline's historical profits from August 10, 2005 onward to determine its expected profits. These "expected" profits are then compared with Copterline's actual experience <u>after</u> the crash.  The difference between Copterline's expected and actual experience provides the basic measure of the company's lost profits.

[Doc. #116-2 at 7 (emphasis added)].

its business and which it already provided to Sikorsky and HSI in the course of discovery." [Doc. #116-2 at 8].

2.  Cumulative and Over Burdensome

Plaintiff argues that the information sought in defendants' requests is unreasonably cumulative as Copterline has already produced its audited annual financial statements for the years 1999 through 2007, adding that the company's revenues and profits and its historical growth are memorialized in these audited financial statements. [Doc. #116-2 at 8-9].

Copterline further argues that defendants' requests are overly burdensome "as it was not a party to the transactions at issue and does not have in its possession the information being requested, all of which is no more than tangential to the subject matter of this case and none of which is directly relevant to any claim or defense." [Doc. #116-2 at 9].

Defendants' Argument

In response to Copterline's assertions defendants argue that they need this information to test plaintiff's assertions in its memorandum that (1) there was as "series" of (impliedly unrelated) purchase and sale transactions, rather than one multi-

4

party coordinated transaction[3] [Doc. #116-2 at 1, 4]; (2) Copterline itself was "not a party" to, and "did not participate in," the 2007 transactions id. at 6; and (3) Copterline "does not have in its possession the information being requested" id. at 9. [Doc. #118 at 1-2].

Interrogatories Nos. 1, 3, 9 and 13

Requests for Production Nos. 1, 3, 8 [4]

---

[3]Specifically, plaintiff states a page 1, "a series of 2007 share purchase transactions between certain shareholders of Copterline and third parties" and at page 4, "Copterli8ne was not a party to the 2007 transactions, which took place between individual shareholders and third parties." [Doc. #116-2 at 1, 4].

[4]Interrogatory No. 1 states: "Describe the nature and terms of the 2007 purchase and sale transaction (or series of transactions) in which Copterline's ownership changed (hereinafter "the 2007 Transaction"), and identify all documents that evidence, set forth or describe the terms of the 2007 Transaction."

Interrogatory No. 3, states: "Identify all of Copterline's shareholders, the number of shares they own or owned (directly or indirectly) and set forth their respective percentage ownership interests in Copterline as of the following dates: (i) January 1, 1999; (ii) August 1, 2003; (iii) August 1, 2001; (iv) the day before the 2007 Transaction was consummated; and (v) the date on which Copterline responds to these Interrogatories.

Interrogatory No. 9 states: "State how the purchase price (on a gross and per share basis) was calculated for any or all of the shares purchased and sold as part of the 2007 Transaction."

If Copterline's assertion that it has no responsive documents is accurate, then Copterline will file separate written responses under oath to Interrogatories Nos. 1, 3, 9 and 13 and Requests for Production Nos. 1, 3, 8 within ten (10) days confirming that representation.

Copterline asks the Court to "limit the discovery sought by the Defendants . . . to (1) profit projections that Copterline prepared or commissioned; (2) profit discussions in transactions in which Copterline was a participant; and (3) financial data in Copterline's possession." [Doc. #120-2 at 8].

To the extent that Copterline's reply retreats from or qualifies that it does not possess <u>any</u> 2007 Transaction documentation the Court finds that the information sought in Interrogatories Nos. 1, 3, 9 and 13 and Requests for Production Nos. 1, 3, 8 "appears reasonably calculated to lead to the discovery of admissible evidence pursuant to Fed. R. Civ. P. 26(b)(1).

---

Interrogatory No. 13 states: "Please state whether there were any efforts to sell any or all of the stock or assets of Copterline from 1999 to the date of the 2007 Transaction and, if so, please identify the person or persons most knowledgeable regarding such efforts.

6

Plaintiff will provide separate written responses under oath to Interrogatories Nos. 1, 3, 9 and 13 and produce documents responsive to Requests for Production Nos. 1, 3, 8. If Copterline does not possess any responsive documents to these requests for production, it will state that under oath.[5] Responses are due within ten (10) days. Any documents that require in camera review will be brought to the next case management conference.

Plaintiff's Motion for Limitation of Discovery as to Interrogatories No. 1, 3, 9 and 13 is **DENIED**.

Interrogatories Nos. 2, 10, 11

In Interrogatories Nos. 2, 10 and 11, defendants seek the identity of the former and current owners, the investment bankers and financial advisors and all other individuals involved in the 2007 deal . . . so that defendants can take depositions to inquire about the pre-sale due diligence process."[6] [Doc. #118 at

---

[5] As noted by defendants, "[i]f it is true that Copterline provided no financial or operational information or documentation of any kind to any of the buyers or sellers in order to facilitate the 2007 transactions, there could be no additional burden in producing the responsive documents." [Doc. #125 at 4].

[6] Interrogatory No. 2 states: "Identify all of the sellers and purchasers of stock or other ownership interest in Copterline

7

12].  Plaintiff's Motion for Limitation of Discovery as to Interrogatories No. 2, 10 and 11 is **DENIED**. Copterline will file separate written responses under oath to Interrogatories Nos. 2, 10, and 11 within ten (10) days.

Conference Schedule for Copterline, Fredriksson and Kopperi Cases

The next case management conference will be held Thursday, October 16, 2008 at 2PM.

A dispositive motion conference has been scheduled for November 3, 2008 at 10:30AM.

An all day settlement conference has been scheduled for December 5, 2008 at 10:30AM.

The parties will confer regarding the dates for the dispositive motion conference and settlement conference and be

---

as part of the 2007 Transaction, including the number of shares purchased and the consideration paid for such shares."

Interrogatory No. 10 states: "Identify the principal business negotiators for the 2007 Transaction acting on behalf of any and all sellers and purchasers, and identify all persons who have personal knowledge of the facts and circumstances relating to the 2007 Transaction.

Interrogatory No. 11 states: "Identify any investment banker or other similar professional who participated in any way in brokering, arranging, implementing, structuring or coordinating the 2007 Transaction."

prepared to discuss the schedule at the next case management conference on October 16.

CONCLUSION

For the reasons stated, plaintiff's Motion for Limitation of Discovery **[Doc. #116]** is **DENIED**.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 2nd day of October 2008.

```
      ___/s/_____
      HOLLY B. FITZSIMMONS
      UNITED STATES MAGISTRATE JUDGE
```